UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUTH A. EBNER-CUPPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1448 RWS |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, United States Postal ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On June 27, 2006, Plaintiff Ruth Ebner-Cupples filed an amended complaint. On July 11, 2006, Defendant John Potter filed a motion to dismiss the amended complaint asserting that it fails to comply with Federal Rule of Civil Procedure 8(a)(2).

A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The factual allegations of a complaint must be viewed in the light most favorable to the plaintiff. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). For the purpose of deciding a motion to dismiss, the facts alleged in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735,738 (8th Cir. 2002).

Potter asserts that the amended complaint is "hopelessly confused" and fails to provide a short and plain statement of her claims. Potter also asserts that Ebner-Cupples fails to provide specifics for some of her claims. Unlike state courts which often require detailed statements of fact in a petition, the federal rules require only notice pleading. Under Fed. R. Civ. P. 8(a) "a

complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

Although Ebner-Cupples' amended complaint is lengthy and in parts repetitive, it sufficiently puts Potter on notice of the claims she is asserting. Any further clarification of the claims may be made through the discovery process.

Potter also notes that many if not all of Ebner-Cupples' claims concern events over the past twenty-five years that may be time barred. However, Potter's motion to dismiss does not move to dismiss any of Ebner's claims on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [#55] is **DENIED**.

                                                                     RODNEY W. SIPPEL
                                                                     UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2006.