UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUTH A. EBNER-CUPPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1448 RWS |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, United States Postal ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On July 24, 2006, Plaintiff Ruth Ebner-Cupples filed a motion to amend her complaint to add "United States of America, to be added to add the tort claim to case." Because Ebner-Cupples has failed to file a memorandum in support of this motion, as required by Local Rule 4.10, which explains what she is attempting to do I will deny this claim.

Furthermore, Defendant has responded that Ebner-Cupples' motion is impermissibly attempting to add a claim under the Federal Tort Claim Act (FTCA), 28 U.S.C. §2671 et seq.

Ebner-Cupples attached to her motion her correspondence with the Postal Service concerning a tort claim that she is apparently attempting to add to this lawsuit. On March 30, 2006, she filed a notice of a tort claim with the United States Postal Service for its refusal to accommodate her injury and for constructive discharge in April 1996 among other claims.

The United States Postal Service's Torts Claims Examiner/Adjudicator responded to this notice of a tort claim on June 14, 2006. The Tort Claims Examiner found that Ebner Cupples' claims fell under the exclusive provisions of the Federal Employees Compensation Act (FECA) 5 U.S.C. § 8116(c). Therefore, Ebner-Cupples' claims under the FTCA were denied. A note at the

bottom of the June 14, 2006 response letter contains boilerplate language concerning the filing of a FTCA claim in federal court. Ebner-Cupples has apparently construed this language to mean that she could file (or attempt to add in this lawsuit) a claim under the FTCA. That is not correct.

The FECA functions as a federal workers' compensation act and provides a substitute for, not supplement to, recovery for tort claims against the government. <u>Bennett v. Barnett</u>, 210 F.3d 272, 276 (5th Cir. 2000). The Secretary of Labor has the power to administer, and decide all questions arising under FECA and the Secretary's action in allowing or denying an award under FECA is final and conclusive and not subject to review by a court of law. <u>Id.</u> When claims are properly addressed under the FECA, like those asserted by Ebner Cupples, the FECA preempts claims under the FTCA. <u>Id.</u>

The claims that Ebner-Cupples asserted in her March 30, 2006 FTCA notice are preempted by the FECA. As a result, Ebner-Cupples is barred from raising those claims under the FTCA in this lawsuit. She is also barred from seeking a review of her claims under the FECA. Her present motion, liberally construed as a motion to amend her complaint to add a claim under the FTCA and to add the United States as a Defendant for that claim, will denied because this claim is preempted by the FECA.

Accordingly,

**IT IS HEREBY ORDERED** that Ebner-Cupples' motion to add "United States of America, to be added to add the tort claim to case" [#67] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2006.